IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| SHERRY V. SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 11-2232-STA-dkv |
| | ) | |
| PATRICK R. DONAHOE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER DENYING PLAINTIFF'S MOTION
TO AMEND AND TO CONSOLIDATE CASES
AND
ORDER DENYING MOTION TO DISMISS UNDER RULE 12(b)(1)

On March 28, 2011, Plaintiff Sherry V. Shaw, a resident of Memphis, Tennessee, filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (ECF No. 1.) Plaintiff paid the civil filing fee. (ECF No. 2.) The Court issued an order on June 9, 2011, directing Plaintiff to effect service. (ECF No. 3.) Defendant filed his Answer on August 30, 2011. (ECF No. 13.)

On January 3, 2009, Plaintiff, an employee of the United States Postal Service, was involuntarily reassigned from her previous station at the AMC Station in Memphis, Tennessee, to another facility. In the instant complaint, Plaintiff alleges that she was retaliated against for her prior protected activity when she was denied retreat rights to a vacancy at the AMC station in August, 2009.

On January 13, 2012, Plaintiff filed a Motion for Leave to File Amended Complaint and Motion to Consolidation [sic] Cases. (ECF No. 17.) In that motion, Plaintiff seeks to consolidate the instant case with another case filed by Plaintiff and Rochelle D. Johnson against the USPS and the American Postal Workers Union, <u>Shaw, et al. v. Donahue, et al.</u>, No. 11-2859-STA-tmp (W.D. Tenn.). Case number 11-2859-STA-tmp raises numerous, varied claims of discrimination and retaliation under Title VII, the Rehabilitation Act of 1973, the Americans with Disabilities Act, and the Labor Management Relations Act of 1947. Plaintiff has not filed a proposed amended complaint, and it is unclear whether her proposed amendment seeks to raise claims in addition to those at issue in case number 11-2859. Defendant has not responded to the motion. Because Plaintiff has provided no compelling reason why the instant suit should be consolidated with case number 11-2859, and because the instant suit is probably time barred, Plaintiff's motion is DENIED.

On February 13, 2012, Defendant filed a motion to dismiss Plaintiff's complaint as time barred. (ECF No. 18.) Plaintiff responded to the motion on February 27, 2012 (ECF No. 19), and Defendant filed a reply on March 28, 2012 (ECF No. 20).[1]

Defendant's motion is brought under Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction, rather than under Rule 12(b)(6), for failure to state a claim on which

---

[1] Under Local Rule 12.1(c), "[r]eplies must be file within 14 days after the response is served." Defendant did not seek leave of Court to file an untimely reply.

relief may be granted. Because the statute of limitations is a condition precedent rather than a jurisdictional prerequisite, Rule 12(b)(6) ordinarily is appropriate. Gordon v. England, 354 F. App'x 975, 978 (6th Cir. 2009); Forest v. U.S. Postal Serv., 97 F.3d 137, 139 n.1 (6th Cir. 1996); see also Lockett v. Potter, 259 F. App'x 784, 786 (6th Cir. 2008) ("Exhaustion of administrative remedies is a precondition to filing a Title VII suit. . . . Failure to exhaust administrative remedies in a timely manner is an affirmative defense, and the defendant bears the burden of pleading and proving this failure.").

In the past, the Sixth Circuit has sometimes described exhaustion as a prerequisite to a federal court's subject-matter jurisdiction. See, e.g., Weigel v. Baptist Hosp., 302 F.3d 367, 379 (6th Cir. 2002) ("'It is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge.'") (quoting Strouss v. Mich. Dep't of Corr., 250 F.3d 336, 342 (6th Cir. 2001)); Ang v. Proctor & Gamble Co., 932 F.2d 540, 545 (6th Cir. 1991) ("In order for federal courts to have subject matter jurisdiction of [employment discrimination] claims, the claimant must first unsuccessfully pursue administrative relief."). After the Supreme Court's decision in Arbaugh v. Y&H Corp., 546 U.S. 500, 509, 515-16 (2006), which held that Title VII's definition of an "employer" as limited to employers who have at least 15 employees, "is an element of Plaintiff's claim for relief, not a

3

jurisdictional issue," the Sixth Circuit has relinquished its previous position that a failure to exhaust implicates subject-matter jurisdiction. Allen v. Highlands Hosp. Corp., 545 F.3d 387, 400-02 (6th Cir. 2008) (ADEA); Bacon v. Honda of Am. Mfg, Inc., 192 F. App'x 337, 341 (6th Cir. 2006).

Defendant's motion to dismiss the Complaint pursuant to Rule 12(b)(1) is DENIED. This denial is without prejudice to Defendant's right to raise the timeliness issue under an appropriate Rule of Civil Procedure.

IT IS SO ORDERED this 7th day of June, 2012.

**s/ S. Thomas Anderson**

S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE